United States District Court
Southern District of Texas
**ENTERED**
September 14, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| AMENSUYAHTEHUTISHAKTI, | § § | |
| Plaintiff, | § § | |
| VS. | § | CIVIL ACTION NO. 2:21-CV-00144 |
| PHILIP SEFUENTES, *et al.*, | § § § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION**
**TO DISMISS CASE FOR FAILURE TO PROSECUTE**

Plaintiff, AMENSUYAHTEHUTISHAKTI, a Texas inmate confined at the Texas Department of Criminal Justice-Institutional Division's McConnell Unit in Beeville, Texas, has filed this *pro se* civil rights complaint. In a Notice of Deficient Pleading issued on July 14, 2021, Plaintiff was notified that he must do one of the following within twenty days: (1) pay the $402.00 filing fee for civil rights cases; or (2) submit a completed application to proceed *in forma pauperis* (IFP) along with a certified copy of his inmate trust fund account statement. (D.E. 4). Plaintiff was warned that failure to comply with the Notice of Deficient Pleading in a timely manner may result in his case being dismissed for want of prosecution. (D.E. 4).

Plaintiff failed to comply with the Notice of Deficient Pleading and submit the requested information. On August 10, 2021, the undersigned ordered Plaintiff to show cause within twenty days why his civil rights action should not be dismissed for want of

prosecution. (D.E. 6). The undersigned instructed Plaintiff that he could successfully show cause "by paying the filing fee or filing an IFP application and a copy of his inmate trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint." (D.E. 6, p. 2). Plaintiff was warned that his failure to comply with the August 3, 2021 Show Cause Order would result in a recommendation to the District Court that this action be dismissed. (D.E. 6, p. 2).

A district court has authority to dismiss a case for want of prosecution or for failure to comply with a court order. Fed. R. Civ. P. 41(b); *see also Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute). To date, Plaintiff has not responded to the August 10, 2021 Show Cause Order. Plaintiff has repeatedly failed to follow court orders and submit the requested information. Dismissal is therefore warranted under these circumstances.

Accordingly, it is respectfully recommended that Plaintiff's case be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b).

Respectfully submitted on September 14, 2021.

_____
Julie K. Hampton
United States Magistrate Judge

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).